UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANIBAL MORALES,

    Plaintiff,

v.                              Case No. 4:24-cv-24-MW-MJF

FOX 4 NFL SPORTS WATCH,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Anibal Morales (DC# Y40276), has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The District Court should dismiss this action because Morales has incurred at least three strikes, is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, and failed to pay the filing fee upon commencing this action.

**I. ALLEGATIONS OF MORALES'S COMPLAINT**

Morales is Florida prisoner confined at the Wakulla Correctional Institution in Crawfordville, Florida. Doc. 1 at 1-2 in ECF.[1] On January

---

[1] Citations to page number of Morales's complaint are according to the numbers assigned by the District Court's Electronic Case Filing system ("ECF").

17, 2024, Morales commenced this civil action against "Fox 4 NFL Sports Watch." *Id.* at 1-2. Morales alleges that "sports commentators" have been "either slandering, discriminating, or using their influence to proceed biased results to an ongoing investigation." *Id.* at 5 in ECF. Morales further alleges that the commentators have been saying "maybe nobody cares and yelled child molester, raper, and have stated that my defense is what they do not believe." *Id.* Morales claims violations of his rights to due process, to "stand trial," and to "freedom from undue harm."

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the

filing fee at the time he initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

### A.  Morales Has Incurred Three "Strikes"

Morales has accrued *at least* three strikes. *See Morales v. Dade Corr. Inst.*, No. 4:23-cv-303-AW-MAF, 2023 WL 5184157 (N.D. Fla. Aug. 11, 2023) (dismissing Morales's civil rights action under three-strikes provision of 28 U.S.C. § 1915(g) and as malicious). The undersigned takes judicial notice that the following three civil actions filed by Morales while incarcerated were dismissed as frivolous or for failure to state a claim:

- *Morales v. Suwanee Corr. Inst*, Case No. 3:17-cv-01289-BJD-JK (M.D. Fla. Nov. 28, 2017) (dismissing as frivolous a civil rights action Morales filed while incarcerated);

- *Morales v. Hall*, Case No. 2:07-cv-748-UA-DNF (M.D. Fla. Dec. 18, 2008) (dismissing for failure to state a claim civil rights action Morales filed while incarcerated);

- *Anibal v. William*, No. 3:17-cv-1290-HLA-JK, 2017 WL 8772154 (M.D. Fla. Nov. 22, 2017) (same).

These cases bear Morales's DC# Y40276. Morales incurred these three strikes before Morales filed this lawsuit on January 17, 2024.

Because Morales has incurred at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### B. <u>Morales Fails to Satisfy the Imminent-Danger Exception</u>

To satisfy the "imminent danger" exception, "the prisoner must show that he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)).

Morales's allegations—that commentators at Defendant's network are slandering him—do not demonstrate that Morales is in imminent danger of serious physical injury. Because Morales is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must dismiss this case without prejudice under 28 U.S.C. § 1915(g).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

2. The clerk of court close this case file.

At Pensacola, Florida, this 24th day of January, 2024.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**